# UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA

UNITED STATES OF AMERICA,

v.

WILLIAM ALEXANDER POPE,

Defendant.

Case No.: 1:21-cr-00128-RC

## REPLY TO THE GOVERNMENT'S RESPONSE TO ECF No. 214

In ECF No. 214, I motioned for the Court to compel the government to comply with the protective order, which explicitly states that materials that become public due to court proceedings are no longer subject to the Court's order (See ECF No. 26 at Section 11a). Rather than comply with the courts order, the government has continued to list materials used in public trials as 'sensitive' and 'highly sensitive' in the January 6 discovery, which makes it more difficult for Pro Se defendants to identify discover we are allowed to possess as we attempt to prepare for trial.

The government responded to my motion in ECF No. 218, but completely avoided answering why they have held this order of the Court in contempt. Instead, they falsely claimed that I already have access to a cloud portal where court exhibits from other cases are available. I explicitly stated in ECF No. 214 at 2, that I do not have access to that portal, and that I have repeatedly asked the government how to obtain that portal access numerous times but that the government has still not given me an answer. So, the government is both denying me access to this exhibit portal and failing to remove sensitivity designations in the two discovery databases for items that have been used in court proceedings.

Ultimately, Section 9 of the Court's protective order makes clear that it is the government's responsibility at all times to demonstrate a need to seal materials by a protective order. The government has failed to demonstrate in ECF No 218, why materials that have become public in court proceedings still need to be designated with 'sensitive' and 'highly sensitive' protections in the discovery databases. In fact, it is impossible for the government to demonstrate such a need, because Section 11(a) of the protective order automatically exempts those items from protective designations. The government's refusal to remove those designations is open contempt for the Court's order. Therefore, I again ask the Court to hold the government in compliance with the Court's order, ECF No. 26, which establishes that public trial exhibits should not be designated as sensitive in discovery.

Respectfully submitted to the Court,

By: William Pope

/s/

William Pope
Pro Se Officer of the Court
Topeka, Kansa

Certificate of Service
I certify a copy of this was filed electronically for all parties of record on March 7, 2024.
/s/
William Alexander Pope, Pro Se