# UNITED STATES DISTRICT COURT FOR
# THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>v.<br><br>WILLIAM ALEXANDER POPE,<br><br>                    Defendant. | Case No.: 1:21-cr-00128-RC |

## REPLY TO THE GOVERNMENT'S RESPONSE TO MOTIONS REGARDING THE GOVERNMENT SPOLIATION OF EVIDENCE

Evidence has been lost in this case because the government acted in bad faith by refusing to comply with the Court's directive to communicate directly with me, the defendant.[1] The government acknowledges that I emailed them on October 11, 2023, asking for the bodycam recordings from my arrest (ECF No. 303 at 2). The government claims that they "discussed this request with the assigned case agent, who confirmed that FBI agents do not wear bodyworn camera during arrests" However, Agent Chase is the only member of the prosecution who has been on my case since the beginning, so it is unbelievable that he would forget that my arrest was conducted by a task force made up of local law enforcement rather than by FBI agents.

If the government did have this conversation with Agent Chase, it becomes even more unbelievable that the government would then refuse to respond directly to my email request. This failure to communicate was not a one-time occurrence. I have given many examples in my

---

[1] At our March 3, 2023, status hearing I raised to the Court the issue of the Government failing to respond to defense emails. The Court then directed "Ms. Moran, I need you to communicate with Mr. William Pope. . . I need you to deal with him professionally as you would with counsel" (Transcript from March 3, 2023 at page 13). However, despite the Court's direction, the government continued to ignore defense emails after that hearing. One such email the government refused to respond to was the October 11, 2023 email where I requested the bodycam recordings from my arrest. This government refusal to obey the Court resulted in evidence being lost.

filings of the government never responding to emails as directed by the Court (See ECF No. 237 beginning at 11). The refusal to respond to the October 11 email is particularly consequential because it seems, according to the government, that it has resulted in the spoliation of evidence that now deprives me of facts that would show improper warrant service, and facts needed for the impeachment of government witnesses. These witnesses are especially consequential to my case because they not only participated in my arrest, but they also interviewed me.[2]

All of this could have been prevented had the government not repeatedly disregarded my discovery requests in this case or disregarded the Court's directive to communicate. However, the government has admitted that they discussed my requests among themselves, and then intentionally chose not to respond to them. This is a blatant demonstration of bad faith by the government that has deprived me of my constitutional rights.

Rather than apologize for their bad faith destruction of evidence, the government claims that I haven't provided sufficient facts to warrant a suppression hearing. However, as the Court has seen, everything I have claimed regarding this incident has turned out to be correct. I insisted that it was Topeka Police wearing body cameras, but the government initially denied that. I continued to insist, and the government eventually admitted that I was correct and that recordings of my arrest had been made. I also insisted that the warrant was improperly served even before the government notified me or the Court that the bodycam recordings had been deleted. This is because my memory of the arrest remains vivid, and I know exactly what happened. In fact, the improper warrant service is exactly why I requested the bodycam recordings in the first place. The government claims I haven't given enough details, yet the

---

[2] The government claimed these Task Force Officers were Topeka Police Department Officers in ECF No. 303 at 2, however these TFO's wore FBI vests but were employed by the State of Kansas and were accompanied by TPD.

government admitted that my phone had a pin lock and that the warrant prohibited the government from forcing me to provide my phone to them unlocked. Furthermore, after the TFO's forced me to give them my unlocked phone, I have no way to know what they did to it, or if they changed settings in my phone that made it easier for them to run government extraction software on my device. The fact remains that the government improperly served the warrant and allowed video evidence to be destroyed.

The Court will not be able to ascertain the full facts of the government's bad faith acts and spoliation until a hearing is held to examine government communications on the matter and to take sworn testimony from the prosecutors, the FBI case agent, and from any relevant Kansas TFOs or Topeka Police Officers. This is not a small matter as the government makes it out to be. My rights have been violated, and the government's bad faith acts pertain to important evidence and the impeachment of important witnesses in my case. These bad faith acts by the government justify this Court to suppress the contents of my phone and to dismiss this case.

The government acknowledges that I also have a right to these bodycam recordings under the Kansas Open Records Act. However, that right does not nullify the government's discovery obligations. I am separately pursuing legal action under the Kansas Open Records Act, and I have received notice that my complaint to the Kansas Attorney General is being investigated. I am continuing to provide information to counsel for the Kansas Attorney General, but I am also insisting that my due process rights within the D.C. District Court be recognized.

In addition to these matters, the government's response (ECF No. 303) was not filed until May 29, 2024, which was two days after the Court's deadline for submitting pretrial motions. According to Local Rule 47(b), the Court should treat the government's late filing as a concession, and my original motions to suppress and dismiss this case should be granted. The

government's late response is not exempted by Fed. R. Crim. P. 45, since that rule only governs periods of time stated in days (such as 7 days), not hard deadlines such as the "due on or before May 27, 2024" deadline set by the Court in Order No. 240. The government's late response is thus not a valid opposition but a concession, and this case should be immediately dismissed.

Respectfully submitted to the Court,

By: William Pope

/s/

William Pope
Pro Se Officer of the Court
Topeka, Kansas

Certificate of Service
I certify a copy of this was filed electronically for all parties of record on June 3, 2024.
/s/
William Alexander Pope, Pro Se