**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | **:** | |
| | **:** | |
| **v.** | **:** | **Case No. 21-cr-128 (RC)** |
| | **:** | |
| **WILLIAM POPE,** | **:** | |
| | **:** | |
| **Defendant.** | **:** | |

## REPLY IN SUPPORT OF GOVERNMENT'S MOTIONS IN LIMINE

The United States of America, by and through its attorney, the United States Attorney for the District of Columbia, respectfully submits its Reply to the Defendant's Response in Opposition to the United States' Motions in Limine (ECF No. 353). In his response, the defendant fails to cite to a single legal authority or precedent that supports his positions.   For the reasons set forth herein, and in its Motions in Limine (ECF No. 324), the Court should grant the government's motions.

## ARGUMENT

### A.  Limiting Cross-Examination and Evidence Regarding Sensitive Security Information Is Warranted and Appropriate

The defendant's assertion that the government seeks an "absolute limitation" on questioning regarding sensitive security information is demonstrably false. The government's motion in limine regarding sensitive security information only seeks to preclude certain narrowly defined topics of cross-examination. The topics are:

(1) Secret Service protocols related to the locations of protectees;
(2) Information about the specifics of Secret Service protective details, and;
(3) U.S. Capitol Police Surveillance System details, including maps used to locate cameras.

The government seeks to exclude each of these topics because they are of marginal probative value and public discussion of them would be damaging to the ongoing security needs of the Secret Service and Capitol Police. As set forth in its motion in limine, the government does

not seek to preclude the defendant from asking witnesses questions about trial exhibits, including CCTV footage, and what they do and do not depict, or from discussing the general positions of cameras in the Capitol. *See,* ECF No. 324 at 7. The defendant has failed to identity any concrete and specific need that would fall outside the scope of the government's motion in limine.

To the extent that the defendant wishes to raise issues related to sensitive security information relating to either the Secret Service or Capitol Police, the Court should conduct an *in camera* hearing and require the defendant to provide a specific rationale for such questioning.

**B.  The First Amendment Offers No Affirmative Defense to the Charged Conduct**

The law is clear that the First Amendment neither authorizes nor legalizes otherwise criminal conduct. *See United States v. Amawi,* 695 F.3d 457, 482 (6th Cir. 2012); *United States v. Hassan,* 742 F.3d 104, 127–28 (4th Cir. 2014); *United States v. Rivera,* 607 F.Supp.3d 1, 10 (D.D.C. 2022); *see also* ECF No. 326 at 20-22 (denying defendant's motion to dismiss Count One on the grounds that the statute could infringe First Amendment rights). As the government made clear in its initial motion, it is not seeking to preclude the defendant from arguing that he lacked the *mens rea* required for the offenses with which he is charged. ECF No. 324 at 12. But the defendant's assertions that he intended to engage in journalistic activities on January 6, 2021 are not "mutually exclusive" with the commission of criminal offenses. *United States v. Rivera*, 607 F.Supp.3d 1, 10 (D.D.C. 2022). Any attempt to argue otherwise, or to suggest that the First Amendment shields the defendant from conviction, would risk confusing the issues to be decided in this case and mislead the jury.   Fed. R. Evid. 403

**C.   The Defendant Should Be Precluded from Introducing Evidence Regarding Law Enforcement Action or Inaction Unless the He Specifically Observed or Was Aware of Such Conduct on or before January 6, 2021.**

The defendant's response to the government's motion to preclude him from introducing

evidence of events that had no awareness of on January 6, 2021, continues to display a basic misunderstanding of principles of relevancy.   As the government has previously detailed in its Response to the defendant's Motions in Limine, evidence regarding or depicting events for which the defendant was not physically present, including the actions of other rioters on January 6, 2021, is directly relevant to elements of the offenses with which the defendant is charged – for example, that there was a civil disorder at the Capitol on January 6, 2021, that the Secret Service and Capitol Police had restricted the area around the Capitol, and that government functions, included the certification of the electoral college vote count, were disrupted. *See* ECF No. 352 at 7-10.

In contrast, while the defendant desires to introduce "all macro events of government agents" (including those whom he merely speculates were government agents), ECF No. 353 at 4, such evidence simply is not probative. Although this Court has repeatedly invited the defendant to make the case that he interacted with undercover agents on January 6, the defendant has been unable to do so.   Indeed, "Pope has not argued that he ever talked to the alleged government agents or that he was otherwise influenced by the government to enter the Capitol." ECF No. 239 at 5-6. *See also* ECF No. 326 at 7 ("Pope has not provided evidence that he himself (1) knew that individuals in the crowd were government agents on January 6 or (2) that any of those alleged agents interacted with him and induced him to violate the law.").[1]

The defendant fails to make even a threshold showing as to the legitimacy and relevance of his speculative, unfounded, and freewheeling conspiracy theories, relying more on *ad hominem*

---

[1]  The defendant's speculative claims regarding "the man who pushed [him] into the Capitol", *see, e.g.*, ECF No. 353 at 4, display significant lapses in logic.   The government will respond more at length to these unsubstantiated claims in its response to the defendant's pending motion to compel. But the Court should recognize that the defendant seems to be arguing that he did not enter the Capitol building voluntarily, not that he believed he was authorized to enter by this individual, who has since been identified as Nicholas Hofer and was recently arrested and charged in connection with his own conduct on January 6, 2021.  *See United States v. Hofer,* 24-mj-261.

attacks and mischaracterization rather than legal authority or factual support. As such, the Court should grant the government's Motion in Limine and limit his presentation of evidence regarding law enforcement action or inaction to conduct that he observed or was otherwise aware of on January 6, 2021.

### D.  The Court Should Preclude Any Advocacy of Jury Nullification

The D.C. Circuit Court of Appeals has clearly held that that the Sixth Amendment provides no right to a jury instruction on nullification. *United States v. Dougherty*, 473 F.2d 1113, 1130–37 (D.C. Cir. 1972). In fact, "it is the duty of juries in criminal cases to take the law from the court, and apply that law to the facts as they find them to be from the evidence" and district courts "have the duty to forestall or prevent such conduct." *Sparf v. United States*, 156 U.S. 51, 102 (1895); *United States v. Wilkerson*, 966 F.3d 828, 835 (D.C. Cir. 2020), quoting *United States v. Thomas*, 116 F.3d 606, 616 (2d Cir. 1997).

To the extent that the defendant argues that jury nullification is "an entirely legal option available to jurors," he is incorrect. He relies on no legal authority for his claim and instead resorts to casting dispersions on this Court.. The government reiterates the arguments in its Motion in Limine and requests the Court preclude the defendant from making arguments or introducing evidence that encourage jury nullification.

### E.  Good Character Is Not Pertinent to This Trial and Should Be Precluded

The government has no intention of, as the defendant suggested, "throw[ing] insinuations" of bad character. *See* ECF No. 353 at 5. Generally, evidence of a person's character or character trait is not admissible, but "a defendant may offer evidence of the defendant's pertinent trait, and if the evidence is admitted, the prosecutor may offer evidence to rebut it." Fed. R. Evid. 404(a)(2)(A). A pertinent trait must be specific, it may not be offered as evidence of one's general

character. *United States v. Sutton*, 636 F. Supp. 3d 179, 208 (D.D.C. 2022). And even then such evidence may be excluded if "its probative value is substantially out-weighed by the danger of unfair prejudice." Fed. R. Evid. 403.

The instances of "good character" the defendant alludes to seeking to introduce in his Response to the Government's Motions in Limine are, in fact, either examples of factual evidence in dispute or impermissible general character evidence. Character is not an essential element of any charge or defense to the charged conduct. Therefore, it would be inappropriate for the court to allow the defendant to introduce specific instances of the person's conduct. *See* Fed. R. Evid. 405(b). Any discussion of his actions on January 6 – whether it be his conduct at the Senate Carriage Door or his behavior farther into the building – is not character evidence. Those are factual disputes at the heart of this case and may be evaluated by the trier of fact without consideration of the defendant's character. The second category of character evidence that the defendant discusses include "the positive mental state and philosophies [he] carried" on January 6. ECF No. 353 at 5. His broad personality traits and beliefs are not pertinent as character evidence for the reasons outlined in the government's Motion in Limine. *See*, ECF No. 324 at 20; *See also United States v. Hill*, 40 F.3d 164, 168 (7th Cir. 1994) (court properly excluded "classic character evidence offered to prove that [defendant] had a good character and acted in conformity therewith").

For the reasons outlined in the Government's Motion in Limine and expanded upon above, the Court should preclude the defendant from introducing character evidence. However, if the Court determines that the defendant may introduce evidence of his good character and evidence is admitted, the government retains its right to rebut by offering its own evidence. Fed. R. Evid. 404(a)(2)(A).

**CONCLUSION**

For the reasons outlines above, the government requests the Court grant all its Motions in Limine.

Respectfully submitted,

MATTHEW M. GRAVES
United States Attorney
D.C. Bar No. 481052

By:     */s/ Matthew Beckwith*
        Matthew Beckwith
        DC Bar No: 90014452
        Benet J. Kearney
        NY Bar No. 4774048
        Kelly Elizabeth Moran
        NY Bar No. 5776471
        Assistant United States Attorneys
        601 D Street NW
        Washington, DC 20530
        Matthew.Beckwith@usdoj.gov
        Benet.Kearney@usdoj.gov
        Kelly.Moran@usdoj.gov
        (202) 252 7109 / (202) 740 4690 / (212) 637 2260