**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | **:** | |
| | **:** | |
| **v.** | **:** | **Case No. 21-cr-128 (RC)** |
| | **:** | |
| **WILLIAM POPE,** | **:** | |
| | **:** | |
| **Defendant.** | **:** | |

**RESPONSE TO DEFENDANT'S MOTION TO COMPEL**

The United States of America, by and through its attorney, the United States Attorney for

the District of Columbia, respectfully submits its Response to the Defendant's Second Motion to

Compel Discovery on the Man Who Pushed [Him] Into the Capitol (ECF No. 351, the "Motion").

The defendant's continuing demands that the government satisfy his every curiosity, whether or

not based on logic or reality, are far beyond the scope of what is required by Rule 16, *Brady*, or

*Giglio*.   And his claims that the government has inappropriately withheld information are marred

by significant gaps in reason.   The government continues to comply with all of its discovery

obligations. Therefore, the Motion should be denied.

**FACTUAL BACKGROUND**

The defendant has made repeated requests for materials pertaining to an individual who the

defendant claims pushed him into the Capitol building at the Senate Carriage Doors at

approximately 2:18 p.m. on January 6, 2021, and who had been given the nickname

"#FrodoTheFash" on social media.   *See* ECF No. 351; *see also* ECF No. 272 ("Motion to

Compel Discovery on the Man who Pushed Me into the Capitol") and ECF No. 326 at 35-36 (the

Court's order denying ECF No. 272). Tips regarding the identity of "#FrodoTheFash" were sent

to the FBI in April and May of 2021 and that individual – identified as Nicholas Hofer – was

charged and arrested in August 2024.   *See United States v. Nicholas Scott Ingram Hofer*, 24-mj-

261, ECF Nos. 1, 5. Prior to Hofer's arrest, while the investigation was pending, the government provided the Court with two *ex parte* updates:[1]  First, it expected to have information to provide to the defendant "within a matter of weeks." ECF No. 304 (May 28, 2024). Second, while it had identified an individual who "may be '#FrodoTheFash,'" the investigation remained ongoing, but on June 27, 2024, the government had provided the defendant with a report of open source videos in which the individual appeared, both at the Senate Carriage Door and at other locations. ECF No. 338 (Jul. 19, 2024).  Upon Hofer's arrest on August 28, 2024, the government promptly notified the defendant and provided him with the complaint charging Hofer and a link to the United States Attorney's Office's press release regarding his arrest. The defendant responded by email, asking what other discovery "on Frodo" the government had. The government replied that it had "no additional materials at this juncture" and asked whether there was something specific the defendant was looking for. The defendant did not reply.

## ARGUMENT

The defendant's Motion is comprised of several underdeveloped arguments and is rife with unfounded accusations and logical leaps. *First*, his claims that the government made misrepresentations to him and the Court are false. Simply because the FBI received a tip regarding Hofer's identity does not mean that this information was corroborated at that time.  Indeed, the FBI received a formidable number of tips regarding individuals alleged to have been at the Capitol on January 6, 2021, some of which have later turned out to be inaccurate or lacking in context. Nor does the inclusion of tips regarding Hofer in the Relativity database render those materials discoverable in *this defendant's* case.  As the government has explained numerous times, the

---

[1] Due to their discussion of a nonpublic criminal investigation, both documents were initially filed under seal, but have since been unsealed.

Relativity database goes above and beyond the government's discovery obligations in any individual January 6 case. *See* ECF No. 130 at 7-9. While defendant apparently wishes that he be kept apprised of all ongoing and covert criminal investigations, he now has the information he sought.   This information was provided to him more than three months prior to his trial date; he has plenty of time to incorporate it into any relevant defense. This assumes, of course, that such information is actually relevant.

*Second*, the latter half of the Motion spirals into outlandish, conspiratorial speculation regarding Hofer. This accords with the defendant's pattern of making unsubstantiated, speculative, and often reckless discovery demands. *See* ECF No. 252 at 5-30 and ECF No. 326 at 6-8 (the Court's order denying ECF No. 252). Amongst other claims, the defendant speculates that Hofer is a government contractor (ECF 351 at 7), that Hofer possesses a security clearance (*id.* at 9), and that Hofer was a paid informant (*id.* at 12).   But what the defendant fails to show is how the information he seeks – "whether Nicholas Hofer possessed a security clearance on January 6, 2021, [] any agencies or entities he was working for at the time, and whether Hofer has ever been enlisted as a Confidential Human Source by any federal agency," *id.* at 12 -- has any relevance to any defense he intends to raise at trial.   *United States v. Slough*, 22 F. Supp 3d 1, 5 (D.D.C. 2014) (requested evidence must bear "more than some abstract logistical relationship to the issues in the case.").   Discovery does not require a "broad and blind fishing expedition…on the chance that something impeaching might turn up." *Jencks v. United States*, 353 U.S. 657, 667 (1957) (quoting *Gordon v. United States*, 344 U.S. 414, 419 (1953)).

The defendant seems to be arguing that he did not enter the Capitol building voluntarily, not that he believed he was authorized to enter by Hofer or goaded into entering by Hofer.   See ECF No. 351 at 10 ("Here it is easy to articulate how Hofer influenced me on January 6: He pushed

me into the Capitol and then pushed me again as I was trying to exit the Capitol seconds later, which knocked off my hat, caused police to change tactics from allowing people to exit, and caused me to back against the door frame in attempt to stay out of the way of police.") Details about Hofer's life and employment have no relevance to this defense. The government has already provided the defendant with all of the photographic and video footage of the Senate Carriage Door of which it is aware during the time period that the defendant was present there.   The undersigned AUSAs have consulted with the AUSAs handling Hofer's case and are similarly not aware of any statements by Hofer regarding the defendant or the events at the Senate Carriage door.   Should the government identify additional footage, or otherwise obtain materials from Hofer that reference or depict the defendant, it will produce such materials promptly.

## CONCLUSION

For the reasons outlined above, the defendant's Second Motion to Compel Discovery on the Man Who Pushed [Him] Into the Capitol must be denied.

Respectfully submitted,

MATTHEW M. GRAVES
United States Attorney
D.C. Bar No. 481052

By:     */s/ Matthew Beckwith*
        Matthew Beckwith
        DC Bar No: 90014452
        Benet J. Kearney
        NY Bar No. 4774048
        Kelly Elizabeth Moran
        NY Bar No. 5776471
        Assistant United States Attorneys
        601 D Street NW
        Washington, DC 20530
        Matthew.Beckwith@usdoj.gov
        Benet.Kearney@usdoj.gov

Kelly.Moran@usdoj.gov
(202) 252 7109 / (202) 740 4690 / (212) 637 2260