UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| : | |
| v.  : | Case No. 21-CR-28 (RC) |
| : | |
| WILLIAM POPE, : | |
| : | |
| Defendant. : | |

## UNITED STATES' RESPONSE TO DEFENDANT'S MOTION TO COMPEL

The United States of America, by and through its attorney, the United States Attorney for the District of Columbia and undersigned counsel, respectfully submits this response to Defendant William Pope's Motion, ECF No. 366.  In his Motion, the defendant highlights two individuals who were present on the Capitol grounds on January 6, 2021, whom he claims to have identified as Todd Wetzelberger and John Dew.[1]  He seeks production of recordings that these individuals allegedly made while on the Capitol grounds and requests that the Court require the government to confirm whether either Wetzelberger or Dew were working on behalf of the government on January 6, 2021.  For the following reasons, the Court should deny the Motion.

**A. The Court Should Deny the Motion to Compel Production of Video or Audio Recordings as Moot.**

The undersigned AUSAs have consulted with the FBI.  Upon information and belief, the FBI does not possess any video or audio recordings made by Wetzelberger or Dew on January 6, 2021.

---

[1] For purposes of this Response, the government will assume these individuals are in fact who the defendant alleges they are.

**B. The Court Should Deny the Motion to Compel the Government to Confirm Whether Wetzelberger or Dew Were Working on Behalf of the Government on January 6, 2021 Because Such Information is Irrelevant to the Defendant's Guilt or Punishment.**

The defendant has failed to show how either of these individuals "directly influenced *his* behavior on January 6," that he had any interaction with them, or that he believed at the time that they were government actors. ECF No. 239 at 17. Rather, he now speculates, based on his after-the-fact review of video footage and internet crowd-sourcing, that these individuals were government actors, *see* ECF No. 366 at 2-7, and that these individuals did not perceive the Capitol grounds to be restricted on January 6, *see id.* at 8.[2] But neither of these assertions establishes why their status as government agents (or not) is relevant to the defendant's case. *See United States v. Brock*, 628 F. Supp. 3d 85, 101 (D.D.C. 2022) (finding the defendant failed to show "how the requested material would have any relevance to his guilt or punishment" where he sought identification of government actors at January 6, but did not allege that his actions were caused by government actors). Rather, the defendant establishes only that these individuals were present on the East side of the Capitol grounds, *as or after he exited the Capitol building*, that is, long after the bulk of his alleged criminal conduct occurred. He does not allege that they were in his vicinity

---

[2] The defendant also asserts that Wetzelberger and/or Dew may have recorded him and his brother after they exited the Capitol building at approximately 2:37 p.m. *Id.* at 8-10; *see also* ECF No. 177 at 5. Although such recordings – assuming they exist – would potentially be discoverable, as explained above, they are not in the government's possession, custody, or control. *See* Fed. R. Crim. P. 16(a)(1)(E); *United States v. Flynn*, 411 F. Supp. 3d 15, 32 (D.D.C. 2019) ("*Brady* does not extend to information that is not within the government's possession . . . or information that the government is not aware of" (citing *United States v. Pollack*, 534 F.2d 964, 975 (D.C. Cir. 1976) and *United States v. Turner*, 104 F.3d 217, 220 (8th Cir. 1997). As was the case with respect to the defendant's earlier requests regarding former FBI Special Agent Guandolo (ECF No. 212), the defendant is free to reach out to Wetzelberger and/or Dew and request information or materials from them, but "the Government does not have to conduct Defendant's investigation for him." ECF No. 239 at 19 n.8.

earlier as he breached barricades to enter the restricted perimeter or as he entered the Capitol building via the Senate Carriage Door, or that they encouraged or condoned him doing so. *See* ECF No. 239 at 16-19. Whether Wetzelberger and/or Dew were acting on behalf of the government on January 6 does not have any bearing on the defendant's guilt. Nor does it supply grounds for impeachment or offer arguments in favor of mitigation.

In sum, the defendant has set forth no grounds that require the government to confirm whether or not Wetzelberger or Dew were acting on behalf of the government on January 6, 2021. And the government cannot produce materials it does not have. The Court should deny the Motion.

Respectfully submitted,

MATTHEW M. GRAVES
United States Attorney
D.C. Bar No. 481052

By:   */s/ Benet J Kearney*
Benet J. Kearney
NY Bar No. 4774048
Matthew Beckwith
DC Bar No: 90014452
Assistant United States Attorneys
601 D Street NW
Washington, DC 20530
Benet.Kearney@usdoj.gov
Matthew.Beckwith@usdoj.gov
(212) 637 2260 / (202) 252 7109