# UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA

**UNITED STATES OF AMERICA,**

**v.**

**WILLIAM ALEXANDER POPE,**

Defendant.

**Case No.: 1:21-cr-00128-RC**

## REPLY TO THE GOVERNMENT'S RESPONSE (ECF NO 369) TO MY MOTION TO COMPEL DISCOVERY (ECF NO. 366)

In ECF No 369, the government responded to ECF No. 366, which was my motion to compel discovery related to retired FBI Agent John Dew and Todd Wetzelberger (who was using a satellite phone at the Capitol on January 6, 2021). As I noted in ECF No. 366, these men were in close proximity to my brother and I after we exited the Capitol, and based on video evidence it appears they were recording while I was discussing what I witnessed inside the Capitol, which was an exculpatory articulation demonstrating that I completely lacked criminal intent.

In their response, the government left open "whether or not Wetzelberger and/or Dew were working on behalf of the government" (ECF No. 369 at 3), but the government claims they do not possess any recordings made by Wetzelberger or Dew. However, the government has made similar claims about other undercover operatives at the Capitol that have proven to not be accurate, and in those instances, the government ultimately had to produce recordings made by undercover operators. For instance, In ECF No. 139 at 22, I pointed out the undercover MPD Detective Michael Callahan was recording with a device while at the Capitol, but that an official government report produced in the January 6 discovery claimed that Callahan had no device and made no recordings. As I noted in ECF No. 252 at 16, the government later learned that Callahan

was using his personal cell phone at the Capitol and months later the government produced images and videos recorded by Callahan on January 6.

So, just because the government claims that "the FBI does not possess any video or audio recordings made by Wetzelberger or Dew" (ECF No. 369 at 1), it does not mean that recordings do not exist or that the recordings are not possessed by other government agencies, or on personal devices belonging to Dew and Wetzelberger (who may have been working for the government). If these individuals were working for any agency that has partnered in the January 6 investigation (DOD, DHS, MPD, CIA, etc…), the government has a *Brady* obligation to obtain and produce those recordings (as I noted in ECF No. 366 at 11). In fact, the government's footnote in ECF No. 369 at 2, acknowledges that such recordings are likely discoverable.

However, even if these recordings cannot immediately be located by the government, the status of Dew and Wetzelberger is still relevant, and the government failed to respond to an aspect of my motion which seeks to "compel the government to disclose whether either Wetzelberger or Dew were working on behalf of the government on January 6" (ECF No. 366 at 11). The testimony of Dew and Wetzelberger is still relevant to my case, and under the *Sixth Amendment*, I have a right to a compulsory process for obtaining witnesses.

As the Court might recall, I inquired at our October 23, 2024, status hearing about the process for compelling witness testimony. The government stated at that hearing that there are different compulsory processes depending on whether a potential witness is a civilian, or whether they worked for local law enforcement, or Capitol Police, or a federal agency. So, in order for me to pursue the correct compulsory process I must know whether or not a potential witness was working for a government agency on January 6, 2021.

In an October 23, 2024, email following our hearing, AUSA Benet Kearney clarified the different compulsory processes must be followed if a witness works for a government agency. See Figure 1. For some federal employees, a *Touhy* process must be used, which is more involved than simply filing a subpoena. Since I cannot otherwise compel federal employees who are subject to *Touhy* to testify, I have to know if a potential witness worked for the government.

> Mr. Pope,
>
> To follow up on the questions I understood you to be asking at the conference today:
>
> - For USCP witnesses, subpoenas should go through Senior Counsel Lisa Walters (Lisa.Walters@uscp.gov).
> - For MPD witnesses, if you provide us a list of officers and the date/time you would like them to appear in court, as a courtesy, we will issue a notification (called a CANS) to them, requiring them to appear. This is not the same as a subpoena though.
> - For DOJ witnesses, you should follow the *Touhy* process (28 CFR s 16.21 et seq.), which Ms. Cubbage can explain to you.
>
> Benet J. Kearney
> Assistant United States Attorney
> Detailed to DC-USAO
> United States Attorney's Office
> Southern District of New York
> 26 Federal Plaza
> New York, New York 10278

*Figure 1: In an email from October 23, 2024, AUSA Benet Kearney explained that there are different compulsory processes depending on which agency an individual works for.*

So, since I am insisting on my *Sixth Amendment* right to a compulsory process for former FBI Agent John Dew and for Todd Wetzelberger, I need the Court to compel the government to identify whether Dew and Wetzelberger were in any way working on behalf of a government agency on January 6, 2021.

Without this crucial information, I will be deprived of my right to compulsory process.

I therefore move for the Court to grant my motion and to compel the government to identify whether Dew and Wetzelberger were working on behalf of any government agency on January 6 so that I can pursue compulsory process; and to remind the government of its *Brady* obligation to determine whether any investigative partner possesses recordings made by Dew and Wetzelberger; and to remind the government that any recordings made by government operatives on their personal devices while on duty at the Capitol on January 6, 2021, are the possession of the United State Government (rather than the individual employee) under 17 U.S. Code § 105.

Submitted respectfully to the Court,

By: William Pope

/s/

William Pope

Pro Se Officer of the Court

Topeka, Kansas

Certificate of Service
I certify that a copy of this was filed electronically for all parties of record on November 4, 2024.

/s/
William Alexander Pope, Pro Se