# UNITED STATES DISTRICT COURT FOR
# THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>v.<br><br>WILLIAM ALEXANDER POPE,<br><br>Defendant. | Case No.: 1:21-cr-00128-RC |

## RESPONSE TO THE ORDER FOR DISMISSAL

In response to the Court's dismissal, I would like to thank President Donald Trump and our new United States Attorney for the District of Columbia, Ed Martin, for wisely moving to dismiss the government's false allegations against me. I also want to thank the Court for promptly granting that dismissal, and for previously dismissing the other false allegations against me: Counts Five and Seven on June 18, 2024; and Count Two on September 23, 2024. Clearly, I was already winning this case, and would have decisively won had we gone to trial, so the government's latest motion to dismiss was absolutely in the interests of justice, judicial economy, and in preventing further reputational damage to the United States government.

Had President Trump attempted to pardon me rather than move to dismiss the false allegations against me, I would have continued fighting this case and I would have done everything in my power to embarrass the Trump DOJ in Court even more than I embarrassed the Biden DOJ. I would point out that a President only has the Constitutional authority to pardon offenses against the Unites States of America, and since I committed no offenses, President Trump had no authority to pardon me. I am totally innocent, and just as good looking as ever!

Furthermore, I have a Sixth Amendment right to confront any allegations made against me. The government cannot simply make defamatory allegations and then try to forgive me for something I am not guilty of. So, had President Trump attempted to pardon me for something I did not do, he would have deprived me of my Sixth Amendment right to confrontation.

All this considered, the government's motion to dismiss and retract their false and defamatory allegations was entirely appropriate. Likewise, the government was right in dismissing the charges against my brother, since no judgment against him was ever entered, and since the Court allowed for my brother's counsel to move for retrial due to the bogus obstruction charge (which the Supreme Court has since thrown out) influencing his decision not to testify.

Had the government not moved to dismiss, I would have cast down hellfire through PACER far surpassing any motions I previously filed. As I noted at our last status conference, I intended to move to compel the government to produce information on the FBI informants that the DOJ OIG acknowledged were at the Capitol yet have not yet been disclosed in discovery. Since then, I have been contacted by a man claiming to be one of those FBI informants who went into the Capitol, and he has shown me his correspondence with the DOJ (including AUSA Erik Kenerson). This man claims that the FBI refused to collect the media he recorded on January 6 (which was relevant to several January 6 cases near the tunnel), which would constitute a serious *Brady* violation. However, it should not be on me (a now victorious, former defendant) to vet this man's claims.[1] The government should have produced information on every single FBI informant who was at the Capitol in discovery, and they should have done it four years ago!

---

[1] Since FBI agents and informants can't usually be trusted, and since it's entirely possible they are trying to pull some kind of trick on me, the proper venue for this information transfer is through the discovery process.

Had this case continued, I would have also filed a motion to dismiss based on the government's misconduct during my October 2024 evidentiary tour of the United States Capitol. I have a right to keep private legal notes regarding my case, yet the government sent three FBI agents to constantly observe me, record me, and to try and look at my case notes as I was writing them. Such behavior is entirely inappropriate and should result in both dismissal and sanctions.

I would have also moved to dismiss this case due to spoliation, since the government acknowledged in ECF No. 365, that FBI informant James Ehren Knowles deleted a video he recorded near the Senate Wing Doors which was relevant to my case (and exculpatory).

I was also planning to file another very substantive motion on undercover activity that would have been the hardest hitting motion I have ever filed!

In addition to this, there were several outstanding issues in this case that still needed resolved, including ECF No. 366, where I moved to compel the government to produce information on whether a man who was using a satellite phone near me on Capitol grounds (and his retired FBI colleague that he was with) were working for the government on January 6. It's very possible that the results of that production would have led to additional legal issues and followup motions which I would have further tormented the government with.

Had this case gone to trial, I was looking forward to cross-examining many of the government's witnesses whose previous testimony does not line up with the facts on video. While the Court saw only limited evidence in my brother's bench trial, I would have introduced or crossed with video evidence that would have given the Court a broader perspective of how events played out at the east lines and the Senate Carriage Doors and hallway. Among that

evidence was video conclusively demonstrating that I was pushed into the Capitol by a man wearing military clothing, who the government admitted in ECF No. 364, has been approved for a federal security clearance in the time since January 6.

Ultimately, my conduct on January 6 was, as AUSA Jason Crawford admitted in 2022, "entirely peaceful," and non-criminal, and I would have won convincingly in trial. Yes, the downside of me winning in trial (or having my case dismissed) is that the multitude of appealable issues I have raised will now go to waste. But all things in life come with positives and negatives, and here the benefits of finally winning my case and moving on with my life far outweigh the pleasures of further tormenting the government in the Circuit Court and beyond.

As is often said, the process is the punishment, and I have done my best to punish the government as much as possible throughout this process. My intention was to make the government regret and curse the day I was arrested! My only regret in this is that I did not make it even more painful for them. In fact, Judge Contreras granting the government's motion to dismiss was actually a great act of mercy bestowed upon the government by the Court.

I do want to reiterate the appreciation I expressed in my Christmas letter to the Court, ECF No. 382, that even though I did not win every motion or get as much access to discovery as I requested, the Court did otherwise allow me to represent myself in my own way. Even though Pro Se defendants like me may seem challenging at times, it is important for the Judicial Branch to continue protecting our Constitutional right to self-represent. The Sixth Amendment right to confront accusations made against us is the defendant's right alone. Confrontation can be delegated to counsel, but occasionally, a defendant is best off representing themselves. From my

perspective, a citizen should not exercise this right lightly or without thoughtful consideration. Self-representation is a daunting task requiring a lot of belief, work, and skill. However, if done well with full commitment and energy, it is rewarding. Being a Pro Se defendant was a dynamic experiential education, and I am a better and more engaged American citizen because of it.

Since I have successfully defended against the most expansive prosecution ever, many, including Ivy League law professors and respected attorneys, have begun referring to me as the greatest Pro Se defendant in American history. If this is true, it was not my objective. I was only motivated to remain a free man. But because I have done what was perceived to be impossible, several respected people are now encourging me to go to law school. I will most likely stick to the preferred intention I expressed to the Court in footnote No. 12 of ECF No. 95 at 7, that, "After I win this case, I intend to retire from practicing law."

Judge Contreras, you and I seem to be the only parties that have survived from start to finish. I will be making one last notice/motion after this in regards to the retention of my case notes, but I wish you the best. Be fair and just. And may God's love be with you always.

Respectfully submitted to the Court,

By: William Pope

/s/

William Pope
Pro Se Officer of the Court
Topeka, Kansas

Certificate of Service

I certify a copy of this was filed electronically for all parties of record on January 24, 2024.

/s/

William Alexander Pope, Pro Se