UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| : | |
| v.  : | Case No. 21-cr-128 (RC) |
| : | |
| WILLIAM POPE, : | |
| : | |

GOVERNMENT'S RESPONSE TO WILLIAM POPE'S MOTION
FOR PRODUCTION OF VARIOUS CASE FILES AND
CROSS MOTION FOR RETURN OF SENSITIVE MATERIALS

The United States of America hereby responds to William Pope's Motion to Produce Various Case Files (ECF No. 391 at 2-6), and cross-moves in response to Pope's Notice Regarding Order No. 239 (ECF No. 391 at 1) for the return of all sensitive discovery materials in accordance with the Court's prior orders (ECF No. 329 at 9, ECF No. 326 at 10-11).

**I.      Background**

   **A.  Factual Background**

On January 6, 2021, William Pope, along with his brother, Michael, was part of a mob of rioters who breached the restricted area that been established around the United States Capitol building due to, among other things, the Joint Session of Congress that had been convened to certify the results of the 2020 presidential election. By a little before 2:00 p.m., Pope was positioned on the northeast side of the Capitol, behind metal bike racks that had been erected to keep individuals away from the building. As other rioters broke through theses barricades and United States Capitol Police ("USCP") officers attempted to physically hold rioters back, Pope moved past them and entered the East Plaza of the Capitol building. *See United States v. Michael Pope,* 21 Cr. 128 (RC), Government Trial Exhibits ("GX") 113, 114A, 114B, 119, 120, 121, 122. At approximately 2:16 p.m., Pope approached the Senate Carriage Door, where USCP officers were working to expel

rioters who had already entered the Capitol building and to keep additional rioters from entering. Despite both verbal and physical direction from USCP officers not to enter, Pope worked his way across the threshold, where he remained for more than a minute, impeding officers' efforts to clear the building and carry out their duties. *See* GX 101, 112. He then advanced further into the building, traveling to areas that included the Senate Wing Corridor, Statuary Hall, a hallway of the suite of then-Speaker of the House Nancy Pelosi, the Rotunda, and the Crypt. *See* GX 102, 105, 106, 107, 108, 109A, 109B, 110, 115, 116, 123. Pope exited the Capitol building via the Memorial Door at approximately 2:37 p.m.

### B. Procedural Background

Pope was charged by complaint with violations of 18 U.S.C. §§ 1512(c)(2), 231(a)(3), 1752(a)(1), and 1752(a)(2) and 40 U.S.C. §§ 5104(e)(2)(D), (E), and (G) on February 10, 2021 and was arrested at his residence on February 12, 2021. ECF Nos. 1, 7. On November 10, 2021, a grand jury in this district returned a superseding indictment charging Pope with violations of 18 U.S.C. §§ 231(a)(3) (Count One), 1512(c)(2) and 2 (Count Two), 1752(a)(1) (Count Three), 1752(a)(2) (Count Four), 1752(a)(3) (Count Five) and 40 U.S.C. §§ 5104(e)(2)(D) (Count Six), 5104(e)(2)(E) (Count Seven), and 5104(e)(2)(G) (Count Eight). ECF No. 46. The government subsequently moved to dismiss Counts Two, Five, and Seven, ECF Nos. 273, 347, and Pope was most recently scheduled to proceed to trial on the remaining counts on June 2, 2025.

On January 21, 2025, in light of the Executive Order dated January 20, 2025, Granting Pardons and Commutation of Sentences for Certain Offenses Relating to the Events at Or Near the United States Capitol on January 6, 2021, the government moved to dismiss the indictment against Pope with prejudice. ECF No. 388. Without objection from Pope, the Court granted the motion that same day. ECF No. 389.

## II. Pope Is Not Entitled to Any Further Production Of Materials.

Following the dismissal of the indictment, Pope moved for the production of "various case files," including "all outstanding files and information requested by [his] various motions" (many of which the Court previously denied), as well as a litany of other materials. ECF No. 391 at 1-2l; *see also* ECF Nos. 239, 326. Pope sets forth no grounds on which he is entitled to any of the requested materials. The charges against Pope have all been dismissed and he is no longer a defendant. Rule 16 and *Brady* disclosure obligations pertain to *pending* criminal charges. *See, e.g.*, Fed. R. Crim. P. 16(a)(1)(E)(ii) (requiring the disclosure of documents and objects if "the government *intends* to use the item in its case-in-chief *at trial*" (emphasis added)); Fed. R. Crim. P. 16(c) (regarding the continuing duty to disclose "additional evidence or material *before or during trial*" (emphasis added)); *United States v. Borda*, 848 F.3d 1044, 1066 (D.C. Cir. 2017) ("Evidence is 'material'" and therefore the nondisclosure of that evidence can be the basis of a *Brady* violation, "if there is a 'reasonable probability' *that the result of the trial would have been different* had the evidence been admitted and used appropriately" (emphasis added).); *United States v. Oruche*, 484 F.3d 590, 595 (D.C. Cir. 2007) (a new trial is the remedy for a *Brady* violation). *Cf. Crump v. Anderson*, 352 F.2d 649, 656 (D.C. Cir. 1965) ("no 'discovery' proceedings . . . available" prior to indictment or information); *Farnell v. Solic.-Gen. of U. S.*, 429 F.2d 1318, 1318 (5th Cir. 1970) ("motions for discovery and inspection and for suppression of evidence are available prior to trial[,]" but not after); *In re Grand Jury Proc. Involving Berkley & Co., Inc.*, 466 F. Supp. 863, 867 (D. Minn. 1979) ("Rule 16 of the Federal Rules of Criminal Procedure limits discovery to 'defendants,' which of necessity excludes discovery under the Rules prior to indictment or information.").

There is no ongoing requirement for the government to produce discovery or any other materials to Pope in connection with this now-dismissed case.

### III.     Cross Motion for Return of Sensitive Materials

During the pendency of this case, the Court entered a protective order governing discovery, which outlined procedures and limitations regarding how materials designated "Sensitive" and "Highly Sensitive" would be handled. ECF No. 26. In particular, materials designated either "Sensitive" or "Highly Sensitive" could not be disseminated beyond the legal defense team and individual defendants were not permitted to possess "Highly Sensitive" materials and could only view them under the supervision of a member of the legal defense team. The Court also ordered that Pope return all sensitive materials to the government at the conclusion of the proceedings. ECF No. 239 at 9, ECF No. 326 326 at 10-11.

The government has produced a significant amount of material to Pope, much of which was designated as "Sensitive," including grand jury materials and records containing personal identifying information of individuals other than Pope  In addition, as an accommodation of Pope's decision to proceed *pro se*, the government re-designated materials that had previously been designated "Highly Sensitive" as "Sensitive" so that Pope could possess them in order to prepare for trial. *See* ECF Nos. 300, 313. Contrary to Pope's representations, the government has not removed any designations from these materials. Now that the charges against Pope have been dismissed and no appeal is pending, the government moves for the return of all "Sensitive" materials in accordance with the Court's orders at ECF No. 239 and 326.

4

Respectfully submitted,

EDWARD R. MARTIN, JR.
United States Attorney
D.C. Bar No. 481866

_____/S/_____
JENNIFER LEIGH BLACKWELL
Assistant United States Attorney
D.C. Bar No. 481097
601 D Street, NW
Washington, D.C. 20530
Jennifer.blackwell3@usdoj.gov
(202) 252-7068