# UNITED STATES DISTRICT COURT FOR
# THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No.: 1:21-cr-00128-RC |
| v. | |
| WILLIAM ALEXANDER POPE, | |
| Defendant. | |

## REPLY TO THE GOVERNMENT'S OPPOSITION (NO. 292) TO MY NOTICE ON ORDER NO. 239 AND MOTION FOR CASE FILES (NO. 391)

In ECF No. 391, I noticed the Court that I was told directly by the U.S. Attorney for D.C. Ed Martin that the government no longer considers any files I possessed related to my case preparation, notes, and work product, to be designated as sensitive for me to possess as it pertains to the Protective Order, ECF No. 26. This is absolutely true.

However, on February 11, 2025, AUSA Jennifer Leigh Blackwell filed ECF No. 392 in opposition to my notice and motion, where she claimed that the government's position was completely opposite of what her boss, Ed Martin, told me directly. Blackwell's filing was problematic in many other ways which violated my Fifth and Sixth Amendment rights to confrontation, presumption of innocence, double jeopardy, and my right to not be held to answer to an accusation without an indictment. By doing so, Blackwell also violated the D.C. Rules of Professional Conduct, and the American Bar Association's Model Rules of Professional Conduct. Blackwell also disobeyed a direct order from President Trump to dismiss the false allegations against me (which undermined President's Trump's *Article II* power from which AUSA Blackwell leeches the constitutional authority to file on behalf of the government.

Blackwell's conduct also seemingly violated 18 U.S. Code § 242 which pertains to deprivation of rights under the color of law; and all this necessitated me filing a motion for severe sanctions against Jennifer Blackwell (ECF No. 393), which I submitted to the Court on February 12, 2025.

What I noticed the Court in ECF No. 391 was a completely true and factual statement regarding U.S. Attorney Ed Martin's telling me that the files I now have are no longer considered sensitive for me to possess. However, since a dubious representative of the government, AUSA Jennifer Leigh Blackwell, is now claiming the opposite of what I truthfully reported to the Court in ECF No. 391 (while she is signing under Mr. Martin's name), this is essentially a government attack on my integrity. Because AUSA Blackwell has attacked me and because the entirety of her filing (ECF No. 392) is so at odds with President Trump's directive and the current policy of Department of Justice, I suspect she filed her own rogue and unhinged ranting rather than consulting the official position of the government and her boss, Ed Martin.

Since my credibility has been called into question by AUSA Blackwell, and since there are now significant competing claims on this matter, I would ask the Court to direct Mr. Martin to file a statement on whether or not he allowed me to keep all discovery files that are intertwined with my case notes, and whether ECF No. 392 is the position of the government.

**The Further Production of Materials**

In ECF No. 392 at 3, AUSA Blackwell, attempting to justify withholding files from me, pointed to case law where discovery is not available to 'defendants' prior to indictment. Most of those examples are from outside of this district and are not binding on this Court. Furthermore, the condition of 'prior to an indictment' does not apply to my situation since we are now post-indictment. The fact that the indictment has been retracted by the government and dismissed by

this Court with prejudice does not take away from the fact that in the full timeline of events, we are 'post' indictment rather than 'prior.' And we can never again be prior to an indictment for January 6 issues, because double jeopardy rules apply and there is no case to bring against me. I am totally innocent! The bottom line is, the case law cited by the government does not prohibit the release of discovery to me after the case is dismissed.

Furthermore, what I have requested are materials that I believe would have been exculpatory during my case. While there is no longer a criminal case against me, the old false accusations the government made remain in the public. I will spend the rest of my life confronting these false and unsubstantiated allegations (just as I did in my motion for sanctions against AUSA Blackwell). So, if the government possesses any withheld information that is relevant and exculpatory to me, that information would help combat misinformation. And if the government does not provide such information, they will be further damaging me.

For instance, if the government were to possess additional materials from the Senate Carriage Doors area that captured favorable audio or video of my actions (such as another perspective of the man pushing me into the Capitol), that would substantially counter the false and damaging representations the government made about me. The Court already ordered such video to be produced in ECF No. 326 at 39, and any such video would have been entered in the public record had we gone to trial, so this is not an unreasonable request.

And the Senate Carriage Doors are just one example. If there is anything else that the government possesses that would help repair the damage the government has done to me, those items should be produced even though the allegations have now been dismissed. This is the point of me wanting to keep the discovery files that are inseparably intertwined in my case notes – I will need this information for the rest of my life to explain what happened.

The point of me asking for additional information is similar. I want to be able to show that the government misconduct in this case was real, that exculpatory materials were withheld from me, and that my various discovery requests were justified.

While, AUSA Blackwell has tried to build the impression that there is no government obligation to produce these materials, she has cited nothing that prohibits the government from producing materials after a case has been dismissed, and she did not cite any law that prohibits a judge from compelling production after the government retracts allegations. In fact, the D.C. District Court has the example of *United States v. Ted Stevens*, 08-cr-231-EGS, to draw from.

On July 29, 2008, the United States government filed an indictment against Alaska Senator Ted Stevens in the D.C. District Court. The Senator demanded a speedy trial to be completed before the election, but unfortunately for the Senator the jury returned a guilty verdict on October 27, 2008, and Stevens narrowly lost his bid for re-election. However, those criminal allegations proved to be a false creation of the government to politically damage Stevens. After trial it surfaced that the government had withheld exculpatory evidence from Stevens. Because of that, on April 1, 2009, the government moved to dismiss the verdict and indictment against Stevens prior to sentencing. Judge Sullivan granted that dismissal, and also ordered the government on April 5, 2009, to preserve all documents related to the case and to provide copies to the Court, "whether or not that material has been produced to the defendant." The litigation of those materials continued for several more years. Pursuant a Court order the FBI provided the defense a hard drive containing all information related to the case even if it had not previously been produced to the defense (See *United States v. Ted Stevens*, Document No. 443, at 2), and on November 11, 2018, Judge Sullivan ordered the government to indefinitely preserve copies of all 651 pieces of evidence (totaling 122,012 pages of information) related to the case.

In the example of *United States v. Ted Stevens*, we see that the D.C. District Court clearly has the authority to compel the government to produce materials that were not previously produced to the defense even after the case has been dismissed. As with Senator Ted Stevens, I was wrongfully indicted by the government, and the government ultimately moved to dismiss the false allegations against me, so I should have the same right to obtain related files from the government post-dismissal. Thus, my motion, ECF No. 391, should be granted.

**Reply to the Government's Crossmotion**

In ECF No. 392, rogue AUSA Blackwell also cross-motioned for the return of sensitive materials. First, to be clear, I have never directly possessed any materials designated as 'highly sensitive' by the protective order. Those files were always maintained by my court-ordered standby counsel, Mrs. Cubbage. So, for instance, I do not directly possess any grand jury materials, or the unredacted government response to ECF No. 212 (which the government ridiculously designated highly sensitive), or any other files that are designated highly sensitive. Late in the case, the government did remove the highly sensitive designation for a few select CCTV videos related to my defense so that I could prepare for trial, but most of those are now public by Congressional release, or portions of them were made public when they were presented as evidence in my brother's bench trial. There is no reason to continue hiding them.

What I do possess are some files that have been designated as 'sensitive' by the government, and as far as I can recall, none of those contain the Personal Identifying Information (PII) of other persons.[1] As per the protective order, I am already allowed to possess and keep

---

[1] In the case of Ted Stevens, the defense was allowed to keep files that contained the Personal Identifying Information of other persons even after the case was dismissed. Judge Sullivan initially wanted to file these items publicly to the Court's docket, but those files were ultimately not made public due to PII concerns. So, even though I do not believe I possess PII, this District Court has allowed other defense teams to keep files with PII (privately).

files that originated from me and contain my own personal identifying information (See ECF No. 26, Section 11b). I also posses files that have been made public in my brothers case or other cases and that are no longer subject to the protective order under Section 11a. I also possess some items that were obtained by means other than discovery (See Section 11c) that would otherwise be designated as sensitive or highly sensitive under the protective order. I also possess some files that had no sensitivity designation under the protective order, and because of that they are not subject to the protective order under Section 1.

Lastly, I would point out that the protective order is now null and void. Under Section 2 of the Protective Order, it defines the defendant, and Section 4 outlines the defendant's ability to possess and use materials subject to the protective order. Since the government has withdrawn the allegations against me, I am no longer a defendant subject to the protective order. Despite AUSA Blackwell making false and defamatory allegations against me in Section I of ECF No. 392, she did explicitly admit in Section II that I am no longer a defendant, and thereby, she admitted on behalf of the government that I am no longer a party subject to the protective order.

The only party that is still subject to the protective order is the United States of America, and under Section 4b, the government is allowed to agree to disseminate sensitive and highly sensitive information to any persons not bound by the protective order. United States Attorney Ed Martin already agreed to disseminate these materials to me, and since I am now no longer a defendant, I now fall under the protective order as an "any person" who is a non-defendant. There is no provision within the protective order that allows the government to claw back files they have already released to a person like me who is not subject to the protective order.

Furthermore, even if the Court were to consider me to still be bound by the restrictions of the protective order that applies to defendants, then the files in question would fall under Section

10 of the protective order, which allows the United States to "later designate materials as Sensitive or Highly Sensitive." This provision allows files that are not sensitive to be given a sensitivity designation as long as the government meets their requirement to "separately identify and memorialize the changed status of those materials in writing." Since United States Attorney Ed Martin issued a blanket removal of the sensitivity designations for all discovery files I possess, the government would now need to submit a Section 10 memorandum listing each file they now want to designate as sensitive or highly sensitive. AUSA Blackwell failed to make Section 10 designations in ECF No. 392, so no file I possessed as a defendant has been designated as sensitive or highly sensitive by the government, and thus, NO files are subject to return. So, even if Ed Martin were to now change his mind about me possessing these files (which is what AUSA Blackwell is dubiously claiming), the toothpaste is already out of the tube so to speak. The government will need to provide me an itemized list of which files they want to designate as Sensitive or Highly Sensitive if they wish to undergo the tedious work of putting these files back under the restraints of the protective order.

Obviously, the point of contention is what position United States Attorney Ed Martin has allowed, so I would again ask that the Court Direct Mr. Martin to either submit a statement on this matter, or to withdraw the government's opposition, ECF No. 392. Regardless, I know what I was told, and I would not lie to the Court. The government's crossmotion should be denied.

**Intention to Appeal if Needed**

Per the Court's Order No. 326 at 10, sensitive materials may continue to be possessed by me through any appeal. Should I be required to return these materials despite the government giving me permission to keep them, I intend to appeal the matter, and to keep any such files until the appeals process is concluded.

**Conclusion**

For the reasons previously given, my notice to the Court in ECF No. 391, should be accepted as true, and my motion to produce materials should be approved. The government's crossmotion should be denied. And the paperwork in this case should come to an end.

Respectfully submitted to the Court,

By: William Pope

/s/

William Pope
Pro Se Officer of the Court
Topeka, Kansas

Certificate of Service
I certify a copy of this was filed electronically for all parties of record on February 18, 2025.
/s/
William Alexander Pope, Pro Se