UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **UNITED STATES OF AMERICA** : | |
| : | |
| v. : | Case No. 21-cr-128 (RC) |
| : | |
| **WILLIAM POPE,** : | |
| : | |

**GOVERNMENT'S RESPONSE TO DEFENDANT'S MOTION FOR SANCTIONS**

The United States of America, by and through its attorney, the United States Attorney for the District of Columbia, Edward R. Martin, Jr., responds to the motion filed by the defendant seeking sanctions for "bringing false accusations" against him and "egregious invasive conduct," ECF No. 393 at 5. The defendant also requests to revive a prior motion, *id.* at 5-6, ECF No. 312. The motions should be denied.

The defendant argues that the government's motion to dismiss charges (ECF 388) and the Court's dismissal of charges (ECF 389) are proof that the government's prior descriptions of the defendant's conduct are "false." Neither the government's motion nor the Court's Order constitute an adjudication of the allegations in this case. Rather, the motion carries out the directive of the President in the Executive Order dated January 20, 2025, Granting Pardons and Commutation of Sentences for Certain Offenses Relating to the Events at Or Near the United States Capitol on January 6, 2021, to dismiss all pending cases.

The defendant's trial right to a "presumption of innocence" remains intact — as it had during years of pretrial litigation. *Coffin v. United States*, 156 U.S. 432, 458–59, 15 S. Ct. 394, 404, 39 L. Ed. 481 (1895) ("Now, the presumption of innocence is a conclusion drawn by the law in favor of the citizen, by virtue whereof, *when brought to trial upon a criminal charge*, he must be acquitted, unless he is proven to be guilty.") (emphasis added). The government's summary

1

recital of the factual background does nothing to upset that presumption. Nor does it violate the defendant's right to avoid Double Jeopardy—as no new indictment has been brought. And there has been no violation of the Defendant's Sixth Amendment right to confront evidence presented at trial.

The government's brief recitation of the defendant's actions in its response to the defendant's motion appropriately summarized information already set forth in extensive previous filings in this case. The government has an obligation to accurately set forth the facts and the law of this case when presenting arguments to the Court. The defendant's actions on January 6, 2021, are documented in video footage and have been described in witness testimony during the January 2024 trial of the defendant's co-defendant.

The defendant also states that FBI agents attempted to record his communications with stand by counsel during his October 2024 walkthrough of the Capitol. ECF No. 393 at 3-4. None of the agents present attempted to interfere with or record any privileged communications. As the government noted at the October 23, 2024 conference, neither the defendant nor his standby counsel previously made any such allegation about the proximity of the agents or the AUSAs during the walkthrough itself.

Finally, Pope requests to reinstate his June 4, 2024 motion for sanctions, ECF No. 312. The government's response to that motion was previously filed at ECF No. 327.

The government respectfully requests that the motions be denied.

                                           Respectfully submitted,

                                           EDWARD R. MARTIN, JR.
                                           United States Attorney
                                           D.C. Bar No. 481866

                                           _____/S/_____
                                           JENNIFER LEIGH BLACKWELL
                                           Assistant United States Attorney
                                           D.C. Bar No. 481097
                                           601 D Street, NW
                                           Washington, D.C. 20530
                                           Jennifer.blackwell3@usdoj.gov
                                           (202) 252-7068